FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 09 2019 ★
BROOKLYN OFFICE

Judith A. Archer
Julie Pateman Ward
Dean W. Steele
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 318-3000
Fax: (212)318-3400
judith.archer@nortonrosefulbright.com
julie.ward@nortonrosefulbright.com
dean.steele@nortonrosefulbright.com
*Attorneys for Plaintiff*
*ExxonMobil Oil Corporation*

**CV 19-6893**

DONNELLY, J.

REYES, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- X

EXXONMOBIL OIL CORPORATION,

    Plaintiff,

-against-

M/V FREDERICK E. BOUCHARD, IMO No.
9794692, Official No. 1265316, her engines,
apparel, furniture, equipment, appurtenances,
tackle, etc., *in rem*,

    Defendant.

-------------------------------------------------- X

Case No.:

**PLAINTIFF EXXONMOBIL OIL CORPORATION'S *EX PARTE*
MOTION FOR AN ORDER APPOINTING SUBSTITUTE CUSTODIAN**

Plaintiff, ExxonMobil Oil Corporation (hereinafter "Plaintiff"), by and through its undersigned counsel, respectfully requests an Order appointing National Maritime Services, Inc. (hereinafter "National Maritime") as substitute custodian for the United States Marshal in connection with the arrest of the M/V FREDERICK E. BOUCHARD, IMO No. 9794692,

Official No. 1265316 (hereinafter "the Vessel"), in this action. As grounds for this motion, Plaintiff states the following:

1. On December 9, 2019, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Admiralty Rules asserting, *inter alia*, a valid maritime lien for "necessaries" against the Vessel and praying that the Vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. As pled in Plaintiff's Verified Complaint, this is an action to recover damages for bunkers and lubes sold by Plaintiff and supplied to the Vessel in the amount of $313,607.20 USD, plus late payment charges, pre-judgment interest, post-judgment interest, costs, attorney's fees, *custodia legis* expenses and disbursements of this suit.

3. It is contemplated that the United States Marshal will seize the Defendant which is or soon will be located in the waters of this District forthwith. Maintaining custody of the Vessel by the United States Marshal will require additional monetary deposits to retain custody and the hiring of caretakers experienced in caring for vessels, which will incur substantial expenditures for services usually associated with safekeeping vessels. In order for the Vessel to remain in the hands of a competent person and to save unnecessary expenses, Plaintiff requests that National Maritime Services ("National Maritime") be appointed as substitute custodian.

4. National Maritime has extensive knowledge and experience with regard to the seizure, arrest, and custody of marine vessels.

5. As more fully described in the Declaration of Bill O'Dell, the Vice President of Operations, filed contemporaneously with this motion as Exhibit 1, National Maritime has

agreed to assume responsibility of the Vessel in lieu of the United States Marshal, and to serve as substitute custodian of the Vessel while it remains in *custodia legis* or until further notice of the Court.

6. National Maritime has expertise, experience, and appropriate insurance coverage to serve as an acceptable substitute custodian and to provide the care, maintenance, and security of the Vessel while under arrest. *See* Exhibit 1.

7. Should this Court see fit to grant this Motion, Plaintiff and National Maritime agree to release the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all liability and responsibility arising out of the care and custody of the Vessel, from the time the United States Marshal transfers possession of said Vessel over to said substitute custodian.

8. Plaintiff and National Maritime further agree to hold harmless and indemnify the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all claims whatsoever arising out of the National Maritime's possession and keeping of the Vessel.

9. Plaintiff further requests that the expenses of the United States Marshal, Plaintiff, and National Maritime in the safekeeping of the Vessel be declared *custodia legis* expenses. *New York Dock Co. v. S.S. Poznan,* 274 U.S. 117, 47 S. Ct. 482, 71 L. Ed. 955 (1927); *P. T. Perusahaan Pelayaran Samudera Trikora Lloyd v. Salzachtal,* 373 F. Supp. 267, 284 (E.D.N.Y. 1974) ("In the interests of equity and justice, and to prevent unjust enrichment, the Court may permit custodial liens to be created and, if necessary, paid in priority to pre-custodial liens for such expenses which have contributed to the preservation of the ship in its custody.").

WHEREFORE, in accordance with the representations set forth herein and in the accompanying declaration, Plaintiff requests this Honorable Court to enter an Order appointing National Maritime as the substitute custodian for the M/V FREDERICK E. BOUCHARD, IMO No. 9794692, Official No. 1265316, and directing the United States Marshal of this District to surrender the possession and custody of M/V FREDERICK E. BOUCHARD to National Maritime, by and through its authorized representatives and that upon such surrender, the United States Marshal be discharged from his duties and responsibilities for the safekeeping of the National Maritime and held harmless for any and all claims arising out of said substituted possession and safekeeping of the Vessel.

Dated: December 9, 2019

NORTON ROSE FULBRIGHT US LLP

By: _____
Judith A. Archer
Julie Pateman Ward
Dean W. Steele

1301 Avenue of the Americas
New York, New York  10019
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
julie.ward@nortonrosefulbright.com
dean.steele@nortonrosefulbright.com

*Attorneys for Plaintiff
ExxonMobil Oil Corporation*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X:

EXXONMOBIL OIL CORPORATION,

        Plaintiff,

    -against-

M/V FREDERICK E. BOUCHARD, IMO
No. 9794692, Official No. 1265316, her
engines, apparel, furniture, equipment,
appurtenances, tackle, etc., *in rem*,

        Defendant.

------------------------------------------------------------- X

Case No.:

## **DECLARATION OF SUBSTITUTE CUSTODIAN**

    I, Bill O'Dell, am the authorized agent of National Maritime Services Inc., a Florida corporation, and declare as follows:

    1.    I am the Vice President of Operations at National Maritime Services Inc. (hereinafter "National Maritime"), the proposed substitute custodian in this case, and competent to make this affidavit.

    2.    The vessel, M/V FREDERICK E. BOUCHARD, IMO No. 9794692, Official No. 1265316 (hereinafter "the Vessel"), whose registered owner is Tug Capt. Frederick E. Bouchard Incorporated, is regularly working in the waters of this District and is presently located or is about to arrive in the waters of this District.

    3.    Once arrested by the U.S. Marshal, National Maritime will make arrangements to have the Vessel properly towed and stored at a secure location within the Eastern District of New York.

99037701.1

4. National Maritime is familiar with the M/V FREDERICK E. BOUCHARD and can adequately supervise and safely keep the Vessel in lieu of the United States Marshal during the pendency of this suit and until further order of this Court.

5. In this regard, National Maritime agrees to provide all services necessary for the proper custody and safekeeping of the Vessel during the substitute custodianship, including security by providing a licensed watchman for the Vessel and to arrange for secured custody of the Vessel once seized and while it remains under arrest.

6. National Maritime will make arrangements to keep the Vessel at a proper location within this District and will arrange to furnish a proper berth, mooring, and/or secured location on land for the Vessel.

7. National Maritime agrees to accept substitute custodianship of the M/V FREDERICK E. BOUCHARD in accordance with the proposed Order for Appointment of Substitute Custodian upon delivery of a signed copy of said Order, and to acknowledge receipt of the Vessel.

8. The total charge for said services will be in accordance with National Maritime Services Custody Agreement Fee Schedule attached as Exhibit A.

9. National Maritime has adequate liability insurance and assets adequate to respond in damages for loss of or injury to the Vessel during said custody, or for damages sustained by third parties due to the negligence of National Maritime or its employees or agents committed during said custody. A copy of National Maritime's Certificate of Insurance listing the United States Marshals Service of the Eastern District of New York as a Certificate Holder is attached hereto as Exhibit B. This Certificate has been previously submitted and approved by this Court.

10. National Maritime acknowledges that all outstanding bills and costs/expenses incidental to the keeping of the Vessel by the substitute custodian will be paid by the Plaintiff in the first instance as *custodia legis* expenses. The United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible do not assume any liability or responsibility for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2019

_____
Bill O'Dell

# EXHIBIT A

*SHIP ARREST, SEIZURE, REPOSSESSION & CUSTODIANSHIP*
*DOMESTIC PRICING SCHEDULE*
*EFFECTIVE FEBRUARY 1, 2017*

### Crew, Watchmen & Other Personnel

Vessel staffing is administered in accordance with government agency mandates, port requirements, and National's sole discretion as to the overall safety of the ship and crew. To the extent practical and regarding economic efficiency, National will utilize ship's existing crew, billed at cost plus a 15% handling charge.

National provides qualified watchmen to monitor on-board ship operations. Watchmen routinely reside on ship and interact with crew during the assignment. As a rule, one onboard watchman is sufficient.

In instances where watchmen or other crew members are provided by National, time is billed from the time they leave home base and ends upon their return to home. Economy class air transportation and reasonable incidental expenses are billed at cost plus a 15% handling charge. When board is not furnished, each National-provided watchman or crewmember shall receive a $50 daily meal allowance. Charges for specific crew members, based upon necessary qualifications, follow:

**NATIONAL-SUPPLIED CREW CHARGES**

| DESCRIPTION | DAILY CHARGE |
|---|---|
| Master or Engineer | $800 |
| Chief Mate | $700 |
| Other Seamen | $500 |
| Watchmen | $425 |

There is also a $16.67 daily surcharge for crew liability associated with each on-board crew member, including watchmen.

When repatriation of on-board crew is necessary, all related costs, including but not limited to travel, meals, lodging, escort, processing and government fees will be billed at cost plus a 15% handling charge.

National may provide additional services for the benefit of the claimant such as investigation, vessel tracking, documenting cargo, escorting vessel visitors, and providing expert court witness testimony. In these instances, services will be billed hourly, based upon the qualifications of the individual providing said service.

**OTHER PERSONNEL CHARGES**

| DESCRIPTION | HOURLY CHARGE |
|---|---|
| Director | $ 250 |
| Operations or Recovery Manager | $ 200 |
| Supervisor | $ 75 |
| All other staff | $ 45 |

### Insurance

For each assignment, National charges a monthly surcharge of $590 for its liability coverage. This coverage is independent of other potentially-existing vessel coverage, or coverage required by the US Marshal Service.

Additional coverages such as port risk, vessel liability, crew liability, pollution (including COFR) are available. These coverages are individually quoted and billed at cost plus a 15% handling charge. In no event is coverage effective until written confirmation is received from a particular insurance carrier

### Custody Fees

There is a one-time coordination/mobilization fee which covers (as applicable): the execution of court-related affidavit(s), advanced budget preparation, mobilization, acceptance of assets, documentation of significant vessel equipment and on-board fuel(s) inventory, and production of an internally-prepared Vessel Status Report. The coordination fee is earned upon National's leave to travel to assignment location.

In instances where National executes court documents and is subsequently called off the assignment, ie.. National doesn't ultimately mobilize to travel to assignment location, a reduced execution of affidavit charge is incurred in lieu of the coordination fee.

A daily custody fee is charged for each day, or portion thereof, that the vessel/assets remain in National's custody. This charge varies, based upon vessel crewing and Gross Tonnage. In instances where assets onboard the vessel are attached (such as bunkers), rather than the vessel itself, the gross tonnage of the host vessel apply in determining daily custody fee.

**CUSTODY CHARGES**

| DESCRIPTION | CREWED VESSEL | NOT CREWED |
|---|---|---|
| One-time Charges<br>Coordination/mobilization fee<br>Execution of affidavit(s) | $1,950<br>$1,000 | $1,950<br>$1,000 |
| Daily custodial fee | $.015 per Gross Ton<br>$200 min/$500 max | $.015 per Gross Ton<br>$100 min/$250 max |

### Berthing and Storage

National shall set out to locate the most cost-efficient means for berthing or storage, based upon the specific circumstances surrounding the subject asset. This may include shifting to less-expensive berth, relocating to anchorage, or to storage at its own secure commercial facility located in Miami, FL.

**STORAGE CHARGES**

| DESCRIPTION | DAILY CHARGE |
|---|---|
| Independent Berth | By quote<br>plus 15% handling charge |
| Storage at National Facility | $3.95 per foot |

**Other Costs**

National may contract with third parties to provide various services for the benefit of the vessel or Claimant. Examples of these types of services include, but are not limited to: travel, security and guard services, dockage, berthing, port agent, legal services, ship management, HAZMAT & pollution remediation, salvage services, incidental port charges, utilization of tugs, pilots and line handlers, water, provisions, electricity, garbage removal, transportation, lodging, port fees, communications fees, discharge, storage and transportation of cargo, bunkering, crew repatriation, surveys and other incidental charges. In these instances, charges will be billed at cost plus a 15% handling charge.

# EXHIBIT B

# ACORD CERTIFICATE OF LIABILITY INSURANCE

NATI090 OP ID: 99
DATE (MM/DD/YYYY): 02/06/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER:** 954-776-2222
Brown & Brown Marine
P.O. Box 5727
Fort Lauderdale, FL 33310-5727
Roland E. Stanley

**CONTACT NAME:** Roland E. Stanley
**PHONE (A/C, No, Ext):** 954-776-2222
**FAX (A/C, No):** 954-493-9730
**E-MAIL ADDRESS:** smordas@bbftlaud.com

**INSURER(S) AFFORDING COVERAGE** | **NAIC #**
INSURER A: Lloyd's of London | 15792
INSURER B:
INSURER C:
INSURER D:
INSURER E:
INSURER F:

**INSURED:** National Maritime Services
Alan Swimmer
1560 Sawgrass Corp. Pkwy, 4thFL
Fort Lauderdale, FL 33323

**COVERAGES** CERTIFICATE NUMBER: REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>CLAIMS-MADE X OCCUR | | Y | RL1900075 | 02/02/2019 | 02/02/2020 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| A | X Wharfinger Legal | | | | | | MED EXP (Any one person) | $ 5,000 |
| A | X P&I | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>X POLICY ☐ PROJECT ☐ LOC<br>OTHER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | P&I | $ 1,000,000 |
| | AUTOMOBILE LIABILITY<br>ANY AUTO<br>OWNED AUTOS ONLY / SCHEDULED AUTOS<br>HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | X UMBRELLA LIAB X OCCUR<br>EXCESS LIAB CLAIMS-MADE<br>DED X RETENTION $ 25000 | | | RL1900075 | 02/02/2019 | 02/02/2020 | EACH OCCURRENCE | $ 3,000,000 |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | PER STATUTE / OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
United States Marshals Service is an Additional Insured per the blanket Additional Insured endorsement but only if required by written contract re: operations of the Named Insured, subject to policy terms, conditions, limitations and/or exclusions

**CERTIFICATE HOLDER** USMANYS

United States Marshals Service
Southern District of New York
500 Pearl Street, Suite 400
New York, NY 10007

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
Roland E. Stanley

ACORD 25 (2016/03) © 1988-2015 ACORD CORPORATION. All rights reserve
The ACORD name and logo are registered marks of ACORD